**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**PIKEVILLE DIVISION**

IN RE:

**P&J RESOURCES, INC.**                                                              **CASE NO. 10-70470**

**DEBTOR**

**RAYMOND E. FONTAINE TRUST, ET AL.**                                    **PLAINTIFFS**

**V.**                                                         **ADV. CASE NO. 10-7079 (LEAD CASE)**
                                                   **PROCEDURALLY CONSOLIDATED WITH**
                                                                     **ADV. NO. 10-7080**

**P&J RESOURCES, INC., ET AL.**                                          **DEFENDANTS**

**MEMORANDUM OPINION**

This matter having come before the Court on the Plaintiffs' Motion for Partial Summary

Judgment [Doc. 40] on Counts XIII and XV of the Plaintiffs' Complaint, the Court having

reviewed the record and being otherwise sufficiently advised, finds as follows:

On December 30, 2010, the Plaintiffs filed Complaints initiating two adversary

proceedings against the Debtors Richard and Pamela Williams (collectively the "Williams") and

P&J Resources, Inc. (hereinafter "P&J").  These identical Complaints seek judgment against the

Defendants P&J and the Williams, jointly and severally, on various counts for breach of contract

and fraud.  Shortly thereafter, the Plaintiffs moved for consolidation of these proceedings, which

was subsequently granted by the Court [Doc. 7].  On March 16, 2011, the Williams filed an

Answer to the Complaint denying the Plaintiffs' allegations.  P&J never filed an answer or

responded to the Complaint.

On June 20, 2011, the Plaintiffs filed a Motion for Partial Summary Judgment seeking an

order granting judgment in favor of the Plaintiffs on Counts XIII and XV of the Complaint.  Count

XIII alleges the Williams acted with an intent to hinder, delay or defraud a creditor or an officer

1

of the estate charged with custody of property under Title 11 by transferring, removing,

destroying, mutilating or concealing their property within one year prior to the date of the filing of

the bankruptcy petition in their Chapter 12 case and as a result, the Williams should be denied

their discharge pursuant to 11 U.S.C. §727(a)(2).  Count XV alleges that the Williams knowingly

and fraudulently, in or in connection with their Chapter 12 case, made a false oath or account

and/or withheld from an officer of the estate entitled to possession under Title 11 recorded

information relating to their property or financial affairs, and their discharge should therefore be

denied pursuant to §727(a)(4).[1]

In support of their Motion for Partial Summary Judgment, the Plaintiffs argue that the

Williams are collaterally estopped from contesting Counts XIII and XV of the Complaint.  The

Plaintiffs rely on a Memorandum Opinion and Order entered by this Court on June 1, 2011 in

the Williams Chapter 12 bankruptcy case finding the Williams had committed fraud and

converting the case to a Chapter 7 proceeding pursuant to §1208(d) (the "Conversion Order")

[Doc. 162 of Case No. 10-70767].[2]   In its Conversion Order, the Court held the Williams had

intentionally misrepresented their assets and liabilities in their Chapter 12 schedules and that

their subsequent disclosures had been made only in reaction to the discovery of several

undisclosed assets and liabilities by the Plaintiffs herein and the Chapter 12 Trustee. After

considering the number of discrepancies between the schedules from the Williams' first and

second Chapter 12 filings, the amendments thereto, and the Williams' lack of forthrightness, the

Court held that the Williams had committed fraud in connection with their case within the

meaning of §1208(d).   The Plaintiffs argue that the issues litigated and the findings in the

Conversion Order establish the evidence necessary to deny the Williams a discharge pursuant

---

[1] The Plaintiffs assert that summary judgment on either Count XIII or Count XV will moot the remaining relief requested in the other Count, as well as Counts X, XI, XII, XIV, XVI, and XVII of the Complaint.

[2] The Williams' Motion to Reconsider the Court's Conversion Order was overruled on June 29, 2011 [Doc. 210 of Case No. 10-70767].

to §727(a)(2) or §727(a)(4) and the Williams are therefore collaterally estopped from contesting a denial of discharge under these provisions.

Neither the Williams nor P&J filed a response to the Plaintiffs' Motion for Summary Judgment.  The matter is therefore ripe for this Court's decision.

The Court, having reviewed the Plaintiffs' Motion and the record herein and in the Williams underlying bankruptcy proceeding, finds the Plaintiffs' arguments and the law cited in support well-taken.  The Conversion Order is a final order on the merits litigated between the same parties that precludes the Williams from defending the allegations made herein pursuant to §727(a)(2) and §727(a)(4).   For this reason, the Court shall GRANT the Plaintiffs' Motion for Partial Summary Judgment on Counts XIII and XV of the Complaint.  A separate order shall be entered accordingly.


Copies To:

Mary L. Fullington, Esq.

James R. Westenhoefer, Trustee

Philip L. Hanrahan, UST

John L. Daugherty, UST

Dean Langdon, Esq.

Richard Dow Williams (via mail)

Pamela J. Williams (via mail)

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Wednesday, October 05, 2011
(tnw)**